**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| FABIAN MOORE | : | |
| Petitioner | : | |
| v | : | Civil Action No. WMN-05-2798 |
| KATHLEEN GREEN and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | : : : | |
| Respondents | : | |

o0o

## MEMORANDUM

This matter pertains to a Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254. Pursuant to this court's Order of October 24, 2005, Respondents have filed an Answer, asserting the Petition has been filed beyond the one-year limitations period. Paper No. 3 and 5. Petitioner has filed an opposition to the Answer. Paper No. 7. After review of these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6; *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner is not necessarily entitled to a hearing under 28 U.S.C. § 2254(e)(2)).

Background

On April 12, 1995, Petitioner was tried before a jury in the Circuit Court for Baltimore City and found guilty of possession with intent to distribute a controlled dangerous substance. He was sentenced to a total of 10 years. Paper No. 5 at Ex. 1. His convictions were affirmed by the Maryland Court of Special Appeals in an unreported opinion dated January 17, 1996.[1] *Id*. at

---

[1] The mandate was issued on February 16, 1996. Paper No. 5 at Ex. 2.

Ex. 2.  Petitioner did not seek certiorari in the Maryland Court of Appeals.  Accordingly, his conviction became final on March 4, 1996, fifteen days after the date the Court of Special Appeals issued its mandate.  *See* Md. Rule 8-302.

Petitioner filed a post-conviction petition in the Circuit Court for Baltimore City on April 24, 1996.  Paper No. 5 at Ex. 1.  After a hearing, the petition for post-conviction relief was denied on June 12, 1998.  *Id.*  Petitioner's application for leave to appeal the denial of his post-conviction petition was summarily denied by the Maryland Court of Special Appeals on November 12, 1998.[2]  *Id.* at Ex. 3.

On December 31, 2003, Petitioner moved to re-open his post-conviction proceedings.  *Id.* at Ex. 1.  The motion to re-open was denied by an order docketed on July 16, 2004.  *Id.*  The instant Petition for Writ of Habeas Corpus was filed on October 7, 2005.

Standard of Review

There is a one year period of limitation imposed on prisoners seeking to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For persons such as Petitioner whose convictions were finalized before April 24, 1996, the one year period of limitations begins on the effective date of the amendment imposing the one-year limitation.  Petitioner, therefore, had until April 23, 1997, to file a petition for writ of habeas corpus in federal court.  *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). This one year period is, however, tolled while properly filed post conviction proceedings are pending.  *See* 28 U.S.C. §2244(d)(2).; *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000); *Hernandez v. Caldwell*, 225 F. 3d 435, 438 (4th

---

[2] No mandate was issued at that time because the application for leave to appeal was summarily denied.

Cir. 2000).

The one year limitation begins to run:

> from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party'". *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris*, 209 F. 3d at 330.

Analysis

The instant petition has been filed beyond the one-year limitation period, and Petitioner does not claim that any of the exceptions noted in § 2244(d)(1) apply to his case. Instead, Petitioner asserts he is entitled to habeas corpus relief because a review of his trial transcript would reveal that he is incarcerated unlawfully. Paper No. 7. A review of Petitioner's trial transcript is, however, unavailable if the Petition for Writ of Habeas Corpus is untimely and does not fit within any exception to the limitations period.

As stated above, Petitioner had until April 23, 1997, to file a federal habeas corpus petition. The statute was tolled on April 24, 1996, when Petitioner filed a petition for post-

3

conviction relief in the Circuit Court for Baltimore City. The limitations period began to run again on November 12, 1998, when Petitioner's application for leave to appeal to the Maryland Court of Special Appeals was denied. At that time, Petitioner had one year to file a federal habeas corpus petition. Accordingly, the instant Petition for Writ of Habeas Corpus should have been filed on or before November 15, 1999.

In light of the untimely filing and Petitioner's failure to assert circumstances which would warrant an equitable tolling of the statute of limitations, the Petition for Writ of Habeas Corpus shall be denied. A separate Order follows.

/s/

1/24/06
Date

_____
William M. Nickerson
Senior United States District Judge